#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CHAD EUGENE CALDWELL,**<br><br>                         **Petitioner,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                         **Respondent.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:16CV607DAK**<br><br>**Judge Dale A. Kimball** |

On June 13, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In his underlying criminal case, Petitioner pleaded guilty to Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) & (d) and Brandishing a Firearm During the Commission of a Crime of Violence, a violation of 18 U.S.C. § 924(c)(1)(A).  Case No. 2:03CR325DAK, ECF No. 17.  In a companion case transferred from California, 2:03CR696, Petitioner pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a), and acknowledged in his plea agreement that he had two prior convictions for felony crimes of violence.  The court sentenced Petitioner on both cases jointly to a combined 360 months incarceration.

Given the large number of § 2255 motions filed in relation to *Johnson* and the need to receive guidance from higher courts on *Johnson*'s application to other statutes, this court stayed the case based on the district-wide General Order 16-002.  On October 9, 2020, Petitioner filed

an Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255.  Petitioner's amended

motion dropped his § 924(c) challenge and focused on his challenge to being sentenced as a

career offender under the residual clause of  USSG § 4B1.2.  Petitioner admits that a prior bank

robbery was a crime of violence, but he asserts that a prior conviction for burglary under

California law does not qualify on as a prior crime of violence without the residual clause.

The government opposes Petitioner's Amended Motion on the grounds that it is untimely.

Under Tenth Circuit precedents, a 22 motion challenging the application of the residual clause of

the career offender provision of the then-mandatory Sentencing Guidelines is untimely when

filed within one year of *Johnson* because *Johnson* did not create a new rule of constitutional law

applicable to the mandatory Sentencing Guidelines.  *United States v. Pullen*, 913 F.3d 1270,

1285 (10th Cir. 2019); *United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018).  "The Court

did not consider in *Johnson*, and has still not decided, whether the mandatory Guidelines can be

challenged for vagueness in the first instance, let alone, whether such a challenge would prevail.

And it is not for this court acting on collateral review to do so."  *Greer*, 881 F.3d at 1248.  The

court is bound by this Tenth Circuit precedent.

Petitioner, however, argues that the untimeliness of his motion may be excused because

he is actually innocent of the recidivist enhancement.  Petitioner does not claim to be innocent of

any of the crimes he admits to committing, only the career offender enhancement.  But actual

innocence "means factual innocence, not mere legal insufficiency."  *Bousley v. United States*,

523 U.S. 614, 623 (1998).  The tenth Circuit has held that "[p]ossible misuse of a prior

conviction as a predicate offense under the sentencing guidelines does not demonstrate actual

2

innocence." *Sandlain v. English*, 714 F. App'x 827, 831 (10th Cir. 2017) (unpublished); *United States v. Williams*, 799 F. App'x 657, 658 (10th Cir.) (Unpublished), *cert. Denied*, 140 S. Ct. 2840 (2020) (stating that defendant does not establish actual innocence for purposes of equitable tolling of § 2255's one-year limitation period by claiming that his prior state convictions should not have been considered crimes of violence under the Armed Career Criminal Act).

Petitioner cannot rely on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), to assert that actual innocence tolls the time for filing his motion because *McQuiggin* does not extend beyond capital sentences. *United States v. Robinson*, 2013 WL 5874012, at *3 (D. Kkan. Oct. 30, 2013). Likewise, *Selsor v. Kaiser*, 22 F.3d 1029 (10th Cir. 1994), does not help Petitioner because it requires factual innocence. Petitioner does not claim he is factually innocent of his California burglary. The court, therefore, finds that there are not grounds for equitably tolling the one-year statute of limitations.

Moreover, Petitioner asked the court to sentence him to 360 months on both cases in order to avoid the much longer three-strikes sentence he was facing in California state court. Any error in application of the prior conviction was harmless because it did not substantially influence his sentence.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th

Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court, therefore, declines to issue a Certificate of Appealability. If Petitioner wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Based on the above analysis, the court denies Petitioner's § 2255 motion and dismisses this action. The court further denies a certificate of appealability.

DATED this 9th day of February, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

4